```
          UNITED STATES DISTRICT COURT FOR THE
            WESTERN DISTRICT OF NORTH CAROLINA
                    STATESVILLE DIVISION
                      5:06CV130-MU-02
```

```
TROY POWELL,                    )
     Plaintiff,                 )
                                )
          v.                    )         O R D E R
                                )
KELLY REEVES, Sergeant with     )
  the Hickory Police Depart-    )
  ment;                         )
KENT BROWN, JR. Deputy with     )
  the Catawba County Sheriff's  )
  Department;                   )
CHRIS LaCARTER, Sergeant with   )
  the Hickory Police Depart-    )
  ment;                         )
BART LOUDERMILK, Investigator   )
  with the Conover Police De-   )
  partment; and                 )
TONY KELLER, Supervisor with    )
  the Catawba County Sheriff's  )
  Department,                   )
     Defendants.                )
_____)
```

**THIS MATTER** comes before the Court on the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed September 28, 2006. For the reasons stated herein, the plaintiff's action will be dismissed in its entirety.

By his Complaint, the plaintiff has brought forth a series of fairly bizarre allegations against the above-named defendants. As best as can be understood, the plaintiff is seeking to challenge the manner by which the defendants obtained the evidence which was

used to convict him of a federal drug conspiracy charge.

More particularly, the plaintiff alleges that on separate instances between September 1996 and March 2000, the defendants "illegally equipped" various informants with electronic monitoring devices and set up unauthorized wire taps in order to obtain evidence about his involvement with drug transactions. As a result of those efforts, evidence was obtained and presented against him during his trial, and he was convicted of a federal drug charge, all in violation of his constitutional rights.

In addition--but unrelated to the above--the plaintiff complains that during a one month period while he was detained at a "County Jail," he was exposed to "the bacteria of tuberculosis." Although he was given medication for that disease, the plaintiff reports that he stopped taking the treatment due to his concerns about the drug's side effects, he then became depressed, developed high blood pressure, headaches and stomach aches. Not surprisingly, the plaintiff believes that his medical condition is a result of the defendants' initial violation of his rights.

Based upon the foregoing, then, the plaintiff is seeking millions of dollars in compensatory and punitive damages from the defendants. Suffice it to say, however, it is obvious to the Court that this action must be dismissed for at least two critical reasons.

First, even when the Court overlooks the fact that the

plaintiff is complaining about matters which allegedly took place well outside of the applicable three-year statute of limitations,[1] and the fact that he has presented his allegations in the most conclusory way possible, the subject claims still are barred by relevant precedent. That is, to the extent that the plaintiff is seeking millions of dollars for alleged constitutional violations which necessarily would implicate the validity of his criminal conviction, such attempt must fail. To be sure, in the absence of any proof that his convictions have been reversed, expunged, declared invalid by a tribunal which has the authority to make such a determination, or have otherwise been called into question by the issuance of a federal writ of habeas corpus in his favor, these claims may not even be raised. Heck v. Humphrey, 512 U.S. 477 (1994).

Second, with regard to his complaints about his health conditions, it has not escaped the Court's attention that the plaintiff's allegations do not even hint at deliberate indifference or any other unlawful behavior that could somehow make the defendants liable to him. On the contrary, the plaintiff concedes that he was treated for tuberculosis, and that it was not until he discontinued that treatment regimen that he allegedly developed the

---

[1] See generally Wilson v. Garcia, 471 U.S. 261 (1985) (noting that for statute of limitations purposes, §1983 actions typically are construed as personal injury actions); and N.C.Gen.Stat. §§1-52(13) (setting forth 3-year limitations period for action alleging trespass by a public officer committed under color of law).

various stress-related problems about which he complains. Consequently, the plaintiff cannot possibly establish that the defendants should be held accountable for those matters.

In short, the plaintiff has fallen far short of stating a constitutional claim for relief in his Complaint. Therefore, this action will be <u>dismissed</u>. <u>See</u> 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: October 10, 2006

Graham C. Mullen
United States District Judge